UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK ZUCKER,                    :
                                :CIVIL ACTION NO. 3:07-CV-710
          Plaintiff,            :
                                :(JUDGE CONABOY)
          v.                    :(Magistrate Judge Mannion)
                                :
MICHAEL J. ASTRUE,              :
COMMISSIONER OF SOCIAL          :
SECURITY,                       :
                                :
          Defendant.            :

---

### MEMORANDUM

In this Memorandum we consider Magistrate Judge Malachy E.

Mannion's Report and Recommendation (Doc. 9) regarding Plaintiff's

appeal of the denial of his claim for Disability Insurance Benefits

("DIB") under Title II of the Social Security Act ("Act"), 42

U.S.C. §§ 401-433.  The Magistrate Judge recommends that

Plaintiff's Appeal be denied.  (Doc. 9 at 17.)  Because Plaintiff

has filed objections to the recommended disposition, (Doc. 12), we

must make a *de novo* determination regarding the matters to which

Plaintiff has objected.  *See* 28 U.S.C. § 636(b)(1)(C).  Otherwise,

we review the record for "clear error" prior to accepting the

Magistrate Judge's recommendation.  *See Cruz v. Chater*, 990 F.

Supp. 375, 378 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d

397, 399 (E.D. Pa. 1998).

After a thorough examination of the record, we conclude this

matter must be remanded to the Commissioner for the reasons

discussed below.

## **I. Background**

Although we need not set out a detailed background here, we provide a brief summary to provide context to the following discussion.[1]  Plaintiff filed this appeal of a denial of Social Security benefits on April 17, 2007.  (Doc. 1.)  Plaintiff, who was born on March 12, 1963, obtained a GED and graduated from Chubb Institute in computer programming.  (Doc. 6 at 2.)  He worked for twenty years in the computer field (*id.*), and alleges disability due to depression since August 1, 2001 (Doc. 9 at 1).  He claims that "his ability to work was limited by depression and alcohol abuse/dependence" but his "substance abuse disorder (alcohol) ended November 2, 2004" (Doc. 6 at 2), and "his depression related disability" (*id.*) ended February 18, 2006.

In his Report and Recommendation issued on March 21, 2008 (Doc. 9), the Magistrate Judge concludes the ALJ's decision was based on substantial evidence.  Therefore, as noted above, Magistrate Judge Mannion, recommends Plaintiff's appeal be denied. (*Id.* at 17.)

Having received an extension of time in which to file objections (Doc. 11), Plaintiff filed objections to the Report and

---

[1]  Magistrate Judge Mannion's Report and Recommendation includes a comprehensive recitation of the procedural and factual background of this case.  There is no need to repeat these portions of the Report and Recommendation.  However, to the extent Plaintiff takes issue with the Magistrate Judge's factual recitation in his first two objections (Doc. 12 at 1), we will discuss pertinent facts in the context of our discussion of the specific objection.

Recommendation on May 8, 2008 (Doc. 12), accompanied by a supporting brief (Doc. 13).  Plaintiff identifies six specific substantive objections to the recommended disposition:[2] I) the Magistrate Judge erred in stating the ALJ made a Step Six determination because the ALJ did not make such a determination (Doc. 12 at 1); II) the Magistrate Judge's summary of outpatient medical records for Good Samaritan Center omitted the treatment note for January 6, 2005, which stated that Plaintiff had difficulty in obtaining and maintaining steady employment (*id.*); III) the Magistrate Judge erred when he rejected Dr. Pascal's opinion; IV) the Magistrate Judge erred in rejecting Plaintiff's argument that Dr. Pascal did not consider his history of alcohol abuse because Plaintiff had not used alcohol for almost four months preceding Dr. Pascal's examination and the ALJ improperly rejected the opinion on the basis that Dr. Pascal did not consider the prior use of alcohol (*id.* at 2); V) the Magistrate Judge erred when he rejected Plaintiff's argument that the ALJ failed to include Dr. Pascal's and Dr. Hoffman's limitations in his question to the vocational expert (*id.* at 2-3); and VI) the Magistrate Judge erred when he failed to acknowledge Plaintiff's fifth assignment of error regarding the  determination that alcohol was a contributing factor material to the determination of disability before November 2, 2004

---

[2]  Plaintiff identifies seven objections but the seventh is a general objection to the Magistrate Judge's recommendation that the appeal be denied.  (*See* Doc. 12 at 3.)

3

(*id.* at 3).  On May 21, 2008, Defendant filed a brief in response to Plaintiff's objections.  (Doc. 14.)

## II. Discussion

**A.   Standard of Review**

This Court's review of the Commissioner's final decision is limited to determining whether there is substantial evidence to support the Commissioner's decision.  42 U.S.C. § 405(g); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  A reviewing court is "bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).  Substantial evidence means "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Plummer*, 186 F.3d at 427 (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). Therefore, we will not set aside the Commissioner's final decision if it is supported by substantial evidence, even if we would have reached different factual conclusions. *Hartranft*, 181 F.3d at 360 (*citing Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . .").  An ALJ's decision can only be reviewed by a court based on the evidence that

was before the ALJ at the time he or she made his or her decision. *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001).

**B.    *Disability Determination***

The Commissioner is required to use a five-step analysis to determine whether a claimant is disabled.[3]  It is necessary for the Commissioner to ascertain: 1) whether the applicant is engaged in a substantial activity; 2) whether the applicant is severely impaired; 3) whether the impairment matches or is equal to the requirements of one of the listed impairments, whereby he qualifies for benefits without further inquiry; 4) whether the claimant can perform his past work; 5) whether the claimant's impairment together with his age, education, and past work experiences preclude him from doing any other sort of work.  20 C.F.R. §§

_____

[3]  "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less that 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  The Act further provides that an individual is disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

5

416.920(a)-(f); *see Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 888-89 (1990).

The disability determination involves shifting burdens of proof.  The initial burden rests with the claimant to demonstrate that he or she is unable to engage in his or her past relevant work.  If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform.  *Mason v. Shalala*, 993 F.2d 1058, 1064 (3d Cir. 1993).

If it is determined that the claimant is disabled, the Commissioner must determine if the disability continues through the date of the decision following the eight-step process set out in 20 C.F.R. § 404.1594(f).[4]

Here, at Step Three of the initial evaluation process, the ALJ determined that Plaintiff was under a disability from August 1, 2002, through November 2, 2004, because his "depression met the "A" and "B" criteria of listing 12.04 (relating to affective disorders), is incorporated, by reference, in section 12.09 of Appendix 1, which relates to substance-abuse/dependency."  (R. at 19.)  The ALJ also found that Plaintiff's substance abuse disorder (alcohol) "was a contributing factor material to the determination of disability during the period of August 1, 2002 through November

[4]  Both the ALJ and the Magistrate Judge reviewed the required steps.  (*See* Doc. 9 at 4; R. at 14-15.)

2, 2004, but not subsequent thereto." (*Id.* (*citing* 20 C.F.R. §
404.1535).)  Plaintiff was, therefore, not entitled to benefits for
that period.[5]

For the period following November 2, 2004, the ALJ concluded
that Plaintiff's disability ended because he stopped consuming
alcohol on that date.  (R. at 19-20.)  The ALJ further concluded
that since November 2, 2004, Plaintiff did not have an impairment
or combination of impairments that meets the listings and he has
the residual functional capacity to perform an unrestricted
exertional range of work provided that he is working in a low
stress work environment at a job that would not require significant
interaction with other individuals.  (R. at 20-21.)

**C.    *Plaintiff's Objections***

As noted above, Plaintiff objects to the Magistrate Judge's
determination that the ALJ's decision that he is not disabled is
supported by substantial evidence.  We conclude that remand is
required based on the issue raised in Plaintiff's fifth objection
in that we agree the questions posed to the Vocational Expert were
not adequate.

---

[5] In the case of an individual suffering from alcoholism or
drug addiction, the Social Security Act requires that "[a]n
individual shall not be considered to be disabled for purposes of
this subchapter if alcoholism or drug addiction would (but for this
subparagraph) be a contributing factor material to the
Commissioner's determination that the individual is disabled."  42
U.S.C. § 423(d)(2)(C).  This determination is made pursuant to 20
C.F.R. § 404.1535.

1.   _Objections I through IV_

Plaintiff's objections I through IV do not warrant _de novo_ review in that they are not adequately presented.  As presented in his counseled filing titled "Plaintiff's Objection to Report and Recommendation" (Doc. 12), these objections are set out as conclusory statements.  In his counseled filing titled "Plaintiff's Brief in Support of Objection to Report and Recommendation" (Doc. 13), Plaintiff simply describes objections I through IV as objections "to the findings of fact made in the report and recommendation" (_id._ at 2).  Plaintiff's one sentence "argument" does not discuss the legal significance of these objections, does not present legal authority and does not offer any analysis whatsoever.[6]

2.   _Objection V - Vocational Expert Testimony_

Plaintiff objects to the Magistrate Judge's conclusion that the questions posed to the Vocational Expert were adequate.  (Doc. 12 at 2; Doc. 13 at 2.)  As originally filed, Plaintiff's objection is based on the ALJ's failure to include the limitations identified by both Dr. Pascal and Dr. Hoffman.  (Doc. 12 at 2-3.)  However, in

_____

[6] We further note that our review of the record reveals no clear error in the Magistrate Judge's consideration of matters raised in Plaintiff's objections I through IV.  _See Cruz v. Chater_, 990 F. Supp. 375, 378 (M.D. Pa. 1998); _Oldrati v. Apfel_, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).  To the extent Plaintiff's second objection deals with an omission from the Magistrate Judge's summary of Plaintiff's medical records, the Magistrate Judge is not obligated to repeat Plaintiff's medical record in its entirety in his Report and Recommendation.

8

his supporting brief, Plaintiff discusses only the limitations set out by Dr. Hoffman.  (Doc. 13 at 2-3.)

Because Plaintiff's argument in his supporting brief refers only to Dr. Hoffman and because we have found no clear error in the Magistrate Judge's determination that the ALJ's decision to reject Dr. Pascal's opinion is supported by substantial evidence, we will consider this objection only as to the limitations found by Dr. Hoffman.

The Third Circuit Court of Appeals has explained that "[a] hypothetical question must reflect *all* of a claimant's impairments that are supported by the record; otherwise the question is deficient and the expert's answer to it cannot be considered substantial evidence." *Ramirez v. Barnhart*, 372 F.3d 546, 552 (3d Cir. 2004) (*quoting Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987)).  An ALJ is not required "to submit to the vocational expert every impairment alleged by a claimant." *Rutherford v. Barnhart*, 399 F.3d 546, 554 (3d Cir. 2005).  Rather, the "*all* impairments" requirement "means that the ALJ must accurately convey to the vocational expert all of a claimant's *credibly established limitations*." *Id.* (citation omitted).

*Rutherford* also provided some guidance as to when a limitation is credibly established.  "Limitations that are medically supported and otherwise uncontroverted in the record, but that are not included in the hypothetical question posed to the expert preclude

9

reliance on the expert's response."  *Id.* (citation omitted).

Medically supported limitations which are contradicted may or may

not be found credible and can be credited in part.  *Id.*  Finally,

asserted limitations which lack objective medical support may be

considered credible.  "In that respect an ALJ can reject such a

limitation if there is conflicting evidence in the record, but

should not reject a claimed symptom that is related to an

impairment and is consistent with the medical record simply because

there is no objective medical evidence to support it."  *Id.* (*citing*

Reg. § 929(c)(3)).

Here Plaintiff claims the hypothetical posed to the vocational

expert was not adequate because the ALJ accepted Dr. Hoffman's

opinion that Plaintiff had a moderate limitation in maintaining

"concentration persistence and pace" but did not include this

limitation in the hypothetical.  (Doc. 13 at 2 (*quoting* R. at

380).)  The Magistrate Judge's Report and Recommendation addresses

only the limitations from Dr. Pascal's assessment (Doc. 9 at 16-

17), as does the Defendant's responsive brief (Doc. 14 at 3).

The Third Circuit Court of Appeals and courts within the

circuit have remanded cases where the hypothetical posed to the

vocational expert included limitations on the claimant's ability to

perform simple and/or low-stress tasks but did not include

limitations on concentration, persistence or pace recognized by the

ALJ.  *Ramirez v. Barnhart*, 372 F.3d 546, 554 & n.3 (3d Cir. 2004);

*Whack v. Astrue*, Civ. A. No. 06-4917, 2008 WL 509210, at **8-9, & n.12 (E.D. Pa. Feb. 26, 2008) (listing cases).  These decisions acknowledge that "concentration, persistence or pace" are distinct considerations which, if found to apply to the claimant, must be specifically included in the vocational expert's hypothetical.  *Id.* If they are not, according to Third Circuit jurisprudence, the case must be remanded.  *Id.*

In this case, the ALJ stated that he partially accepted Dr. Hoffman's opinion.  (R. at 20.)  In the ALJ's judgment, Plaintiff had a "moderate impairment with regard to maintaining his concentration."  (R. at 21.)  The hearing transcript indicates the ALJ included some limitations in hypotheticals posed to the Vocational Expert, including limiting Plaintiff to "simple, routine tasks, low stress is defined as no decision making required and no changes in the work setting, . . . no interaction with the public and only occasional interaction with coworkers."  (R. at 53.)  The transcript also indicates that no limitation in Plaintiff's ability to concentrate was included in the questions posed.  Because inclusion of this limitation is specifically required to support a finding that the ALJ's decision is based on substantial evidence, this case must be remanded for further proceedings on this issue.

   3.   *Objection VI - Alcohol as Contributing Factor to Disability Determination*

With this objection, Plaintiff asserts the Magistrate Judge failed to address the issue raised by Plaintiff in his appeal

11

regarding the ALJ's finding of the role of alcohol in his disability determination prior to November 2, 2004.  (Doc. 12 at 3.)  In his reply brief (Doc. 8), Plaintiff summarized his claim regarding the ALJ's alcohol findings: "the determination that alcohol was a contributing factor material to the determination of disability before November 2, 2004, is not supported by any medical evidence, since the ALJ relied entirely on Dr. Weinberger's June 29, 2006 report, which gave an opinion of plaintiff's limitations only at that time."  (Doc. 8 at 3.)

Although the Magistrate Judge may not have addressed this specific issue, he discussed the ALJ's reliance on Dr. Weinberger's report in another context.  (*See* Doc. 9 at 13.)  In response to Plaintiff's contention that the report addressed his condition only at the time it was issued in July of 2006 and not for the periods when he was claiming disability, the Magistrate Judge stated "Dr. Weinberger reviewed the entire medical record and formulated his opinion based on the record.  His opinion is not solely directed to July 2006, as the plaintiff contends."  (Doc. 9 at 13.)  We agree with this assessment.

Our *de novo* review reveals that Dr. Weinberger's report is a well-documented review of the *entire* medical record.  (R. at 390-96.)  His assessment of the role of alcohol is both explained and documented, referencing records predating November 2, 2004.  (*See*, *e.g.*, R. at 393.)   Therefore, Plaintiff's claimed basis for

12

rejecting the ALJ's reliance on Dr. Weinberger's report is without merit.

**D.  *Clear Error Review***

In addition to the previous notation regarding Objections I through IV, *see supra* n. 6, we find no clear error in the Magistrate Judge's Report and Recommendation regarding matters to which no objection has been made.

### III.  Conclusion

For the reasons discussed above, we adopt the Magistrate Judge's Report Recommendation (Doc. 9) in part but do not adopt his recommendation that this appeal be denied.  Plaintiff's appeal of the Commissioner's denial of benefits (Doc. 1) is granted on the limited basis set out above and the case is remanded for further consideration consistent with this Memorandum.  An appropriate Order follows.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: May 30, 2008

13

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARK ZUCKER,                        :
                                    :CIVIL ACTION NO. 3:07-CV-710
            Plaintiff,              :
                                    :(JUDGE CONABOY)
            v.                      :(Magistrate Judge Mannion)
                                    :
MICHAEL J. ASTRUE,                  :
COMMISSIONER OF SOCIAL              :
SECURITY,                           :
                                    :
            Defendant.              :

_____

**ORDER**

AND NOW, THIS 30th DAY OF MAY 2008, FOR THE REASONS SET OUT IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

1.  The Magistrate Judge's Report and Recommendation (Doc. 9) is adopted in part and NOT ADOPTED as to the recommendation to deny this appeal;

2.  Plaintiff's Appeal of the Commissioner's decision (Doc. 1) is GRANTED on the basis set out in the accompanying Memorandum (*see* Memorandum, Section II(C)(2), pp. 10-11);

3.  Pursuant to the fourth sentence of 42 U.S.C. § 405(g), this matter is remanded to the Commissioner of Social Security for further consideration consistent with the accompanying Memorandum;[7]

_____

    [7] The fourth sentence of 42 U.S.C. § 405(g) provides that "[t]he courts shall have the power to enter, upon the pleadings and transcripts of the record, a judgment affirming, modifying or reversing the decision of the Commissioner of Social Security with or without remanding the cause for a re-hearing." Accordingly, the

14

4.    The Clerk of Court is directed to enter judgment in
      accordance with this Order and to mark the matter in this
      Court **CLOSED**.


                              S/Richard P. Conaboy
                              RICHARD P. CONABOY
                              United States District Judge

---

Clerk of Court will be directed to enter judgment in accordance
with this Order.  See Kadelski v. Sullivan, 30 F.3d 399 (3d Cir.
1994).